## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANKLIN D. RAINES, | ) | |
| 3131 Connecticut Ave., N.W. | ) | |
| Washington, DC 20008 | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. _____ |
| | ) | |
| OFFICE OF FEDERAL HOUSING | ) | COMPLAINT |
| ENTERPRISE OVERSIGHT, an Office | ) | |
| within the United States Department of | ) | |
| Housing and Urban Development, and | ) | |
| JAMES B. LOCKHART III, in his official | ) | |
| capacity as Director, | ) | |
| 1700 G Street, N.W. | ) | |
| Washington, DC 20552 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Franklin D. Raines, through his undersigned counsel, hereby alleges and states as follows:

## NATURE OF THE ACTION

1.    Mr. Raines, the former Chairman and Chief Executive Officer of the Federal National Mortgage Association ("Fannie Mae" or "Company"), brings this action to vindicate his rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution and the Administrative Procedure Act ("APA") and to enjoin the unlawful conduct of the Office of Federal Housing Enterprise Oversight ("OFHEO"), and its Director, James B. Lockhart III. OFHEO and Director Lockhart have directed Fannie Mae to withhold from Mr. Raines 58,812 shares of common stock that the Company awarded to him, and which are presently due to be paid pursuant to the terms of his employment agreement.  Defendants have done so without

statutory authority, without providing Mr. Raines with notice or an opportunity to be heard, and without even explaining to Mr. Raines the basis for OFHEO's actions. Moreover, Defendants have done so knowing full well that their actions are illegal—OFHEO has been enjoined twice in recent years for engaging in nearly identical conduct. Accordingly, Mr. Raines seeks immediate relief from this Court to declare Defendants' actions unlawful and to enjoin Defendants from freezing, placing a hold on, or otherwise interfering with or preventing, whether directly or indirectly, Mr. Raines's immediate receipt of 58,812 shares of Fannie Mae common stock owed to him under his employment agreement with Fannie Mae.

## PARTIES

2.      Mr. Raines served as the Chairman and Chief Executive Officer of Fannie Mae, a congressionally chartered, publicly traded corporation, from January 1, 1999, until his retirement, which was announced on December 21, 2004, and which became effective on June 22, 2005. Mr. Raines resides in the District of Columbia.

3.      Defendant Office of Federal Housing Enterprise Oversight ("OFHEO") is Fannie Mae's primary regulator. OFHEO was created by the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. § 4501 *et seq.*, as an office within the United States Department of Housing and Urban Development.

4.      Defendant James B. Lockhart III is currently the Director of OFHEO and is sued in his official capacity.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States. This suit is brought pursuant to the

Administrative Procedure Act, 5 U.S.C. §§ 701-706; the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and the Fifth Amendment to the United States Constitution.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e)(1) and (2).

## FACTS

7.     During the period he served as Chairman and CEO, the terms of Mr. Raines's employment were governed by his employment agreement with Fannie Mae.  Mr. Raines entered into his most recent employment agreement with the Company on May 3, 2004.  That agreement was last amended in September 2004.

8.     OFHEO approved the terms of Mr. Raines's employment agreement, including its termination provisions, on November 17, 2004.

9.     Pursuant to the terms of his employment agreement, Mr. Raines participated in various Fannie Mae compensation and benefits programs, including the "Performance Share Plan" or "PSP."  The PSP is a long-term incentive payment plan, under which senior management receive shares of Fannie Mae common stock if, over the course of a three-year cycle, the Company meets certain financial and non-financial targets.

10.     At the beginning of the three-year cycle, Fannie Mae's Compensation Committee establishes performance goals for the Company as well as a "target" number of shares for each executive.  The target represents the number of shares that would be awarded if the Committee were to determine, at the end of the cycle, that the Company had met its goals at 100% of the targets.

11.     At the end of the three-year cycle, the Committee determines whether the Company has met its goals.  If the Company fails to meet its threshold goals, no shares are

awarded.  If the Company surpasses the threshold, the executives receive shares equal to their target allocation multiplied by the Committee's assessment of Fannie Mae's performance (ranging from 40% to 150% of the target).  For example, if the Company surpassed the threshold goals but only performed at 50% of the target goals, executives would receive 50% of their target allocation.

12.    In early 2003, the Compensation Committee set Mr. Raines's target allocation for the 2003 to 2005 cycle (known as PSP Cycle 19) at 107,505 shares.  In early 2004, the Committee set Mr. Raines's target allocation for the 2004 to 2006 cycle (known as PSP Cycle 20) at 99,967 shares.

13.    Although Mr. Raines retired prior to the conclusion of either PSP Cycle 19 or Cycle 20, his employment agreement nevertheless entitles him to a pro rata share of those awards based on the number of days that he was employed during those cycles.  Because Mr. Raines was employed by Fannie Mae for 904 days, out of a possible 1096, during Cycle 19, he is entitled to a pro rata share of 82.48% of the award for Cycle 19.  Because Mr. Raines was employed by Fannie Mae for 539 days, out of a possible 1096, during Cycle 20, he is entitled to a pro rata share of 49.18% of the award for Cycle 20.

14.    On June 21, 2007, Fannie Mae announced that it had determined to distribute shares for Cycle 19 at the 40% level and shares for Cycle 20 at the 47.5% level.  Pursuant to the terms of Mr. Raines's employment agreement, Mr. Raines is therefore entitled to receive 35,459 shares for PSP Cycle 19 and 23,353 shares for PSP Cycle 20.  Taken together, Mr. Raines is entitled to 58,812 shares of Fannie Mae common stock.

15.    Although Fannie Mae has distributed shares for PSP Cycles 19 and 20 to most participants without interference by OFHEO, and although Fannie Mae has publicly stated that

"[s]hares payable to retirees are typically paid out shortly after the conclusion of an award cycle," Fannie Mae has declined to make any payment of shares to Mr. Raines and several other executives.

16.     Fannie Mae has withheld these shares under orders from OFHEO. In its June 21, 2007 SEC filing, Fannie Mae confirmed that, although all participants in the PSP, including Mr. Raines, were entitled to receive payment of these shares, the Company, at OFHEO's direction, is withholding payment of these shares to certain executives, purportedly so that OFHEO could "determin[e] the size and appropriateness of the proposed awards" and evaluate "information relating to the proposed payments to former employees." Fannie Mae further reported that it will not pay any performance share awards for the PSP 19 and 20 award cycles until "the company receives the required OFHEO approval."

17.     On June 25, 2007, Mr. Raines requested that Fannie Mae immediately transfer to him the shares owed to him pursuant to the Board's determinations as to PSP Cycles 19 and 20 and the terms of his employment agreement.

18.     In response to Mr. Raines's request, Fannie Mae's General Counsel, Beth A. Wilkinson, wrote to counsel for Mr. Raines, conceding that Mr. Raines was owed the shares at issue and confirming that OFHEO had ordered Fannie Mae not to distribute the shares. According to Ms. Wilkinson, "[o]n June 19, 2007, we received a letter from OFHEO requesting additional information concerning the proposed awards for the 2005 and 2006 award cycles. . . . We are now awaiting OFHEO's approval of the proposed payments. Thus, pending that approval, we are not in a position to provide a distribution of shares to Mr. Raines by Friday, June 29th, as you have requested."

19.     OFHEO has deprived Mr. Raines of these shares without providing Mr. Raines with notice of its actions or the opportunity to be heard.  Although OFHEO has initiated an administrative proceeding against Mr. Raines, in which its seeks the imposition of penalties and the disgorgement of compensation, OFHEO has not initiated the formal procedures, required by law, to order Fannie Mae to cease and desist from making the payments owed to Mr. Raines.  Instead, OFHEO has attempted to accomplish the same end merely by sending Fannie Mae a letter demanding that it withhold the payments from Mr. Raines.  Moreover, OFHEO has sought to conceal from Mr. Raines the very basis for its decision to freeze these payments.  OFHEO has instructed Fannie Mae not to provide Mr. Raines with a copy of the letter demanding that Fannie Mae freeze payment of his shares.

20.     OFHEO previously reviewed and approved, by letter dated November 17, 2004, Mr. Raines's entitlement, under his employment agreement, to receive the payment of PSP shares after he retired.  Moreover, OFHEO has been on notice for nearly two years as to the potential magnitude of any PSP award to Mr. Raines.  In December 2004, Fannie Mae publicly announced Mr. Raines's target share allocation for PSP Cycles 19 and 20, as well as the terms under which he could receive those sums.

## CAUSES OF ACTION

**(For Withholding Mr. Raines's Benefits in Violation of
the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; the Declaratory Judgment Act,
28 U.S.C. § 2201 *et seq.*; and the Due Process Clause of the Fifth Amendment to the United
States Constitution)**

21.     Mr. Raines incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

22.     OFHEO's directives to Fannie Mae have prevented Fannie Mae from transferring to Mr. Raines 58,812 shares of Fannie Mae common stock that Mr. Raines is owed pursuant to his employment agreement.

23.     No statute or regulation authorizes OFHEO to issue these directives to Fannie Mae.  Further, OFHEO's directives are contrary to its governing law.  *See, e.g.,* 12 U.S.C. §§ 1723a(d)(3)(B), 4513(b)(8), 4518, 4632; 12 C.F.R. § 1770.

24.     OFHEO previously has reviewed and approved the payment to Mr. Raines of specified compensation and benefits provided in Mr. Raines's employment agreement, including the payment of Fannie Mae common stock pursuant to Fannie Mae's PSP.  Having reviewed and approved the terms of these payments, OFHEO lacks the authority to challenge payments made pursuant to these terms.  OFHEO also lacks the authority to effect a cease and desist without adhering to the cease and desist procedures set forth by statute.

25.     OFHEO's directives to Fannie Mae were entered without statutory authority, without notice to Mr. Raines, without opportunity for Mr. Raines to be heard and to challenge OFHEO's authority and/or the alleged factual basis for the directives, and without opportunity for Mr. Raines to appeal the directives to a court of law.  OFHEO's directives thus violate Mr. Raines's right to due process guaranteed by the Fifth Amendment to the United States Constitution.

26.     OFHEO's conduct is thus arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; contrary to constitutional right; in excess of statutory jurisdiction, authority, or limitation, or short of statutory right; and without observance of procedure required by law.

27.    OFHEO's action is final and/or otherwise reviewable.

28.    OFHEO's unlawful conduct has caused, is causing, and will continue to cause substantial harm to Mr. Raines unless OFHEO's actions are declared unlawful pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Franklin D. Raines requests judgment against Defendants OFHEO and James B. Lockhart III as follows:

A.    declaring unlawful Defendants' directives regarding freezing or withholding 58,812 shares of Fannie Mae common stock that Fannie Mae awarded to Mr. Raines pursuant to the terms of his employment agreement;

B.    enjoining Defendants from freezing, placing a hold on, or otherwise interfering with or preventing, whether directly or indirectly, Mr. Raines's immediate receipt, possession, or free transfer of 58,812 shares of Fannie Mae common stock that Fannie Mae awarded to Mr. Raines pursuant to the terms of his employment agreement;

C.    providing such further relief as the Court deems appropriate.

Dated:  July 2, 2007

WILLIAMS & CONNOLLY LLP

Kevin M. Downey (D.C. Bar No. 438547)
Paul Mogin (D.C. Bar No. 358759)
Alex G. Romain (D.C. Bar No. 468508)
Joseph M. Terry (D.C. Bar No. 473095)

725 Twelfth St., N.W.
Washington, DC 20005
(202) 434-5000

kdowney@wc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this second day of July, 2007, I caused to be served by hand delivery true and correct copies of the foregoing Complaint, Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in support thereof, Declaration of Kevin M. Downey, and Proposed Temporary Restraining Order on:

Office of Federal Housing Enterprise Oversight
c/o Alfred M. Pollard, General Counsel
1700 G Street N.W.
Washington, D.C. 20552

Hon. James B. Lockhart III, Director
Office of Federal Housing Enterprise Oversight
1700 G Street N.W.
Washington, D.C. 20552

Alberto Gonzalez
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Jeffrey A. Taylor
United States Attorney for the District of Columbia
United States Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20001

_____
Joseph M. Terry

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

Franklin D. Raines
8400 Albemarle St., N.W.
Washington, D.C. 20008

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Office of Federal Housing Enterprise Oversight and
James B. Lockhart III, in his official capacity as Director,
1700 G St., N.W., Washington, D.C. 20552

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Williams & Connolly LLP
725 12th St., N.W.
Washington, D.C. 20005

ATTORNEYS (IF KNOWN)

David A. Felt, Deputy General Counsel
Office of Federal Housing Enterprise Oversight
1700 G St., N.W.
Washington, D.C. 20552

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

● 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**         OR         ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex. national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Administrative Procedure Act, 5 USC § 701; Declaratory Judgement Act, 28 USC § 2201; U.S. Const., amend. V [see attached statement of cause]

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  July 2, 2007    SIGNATURE OF ATTORNEY OF RECORD  _John M. R____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**CIVIL COVER SHEET (continued)**

**VI. CAUSE OF ACTION (statement of cause)**

Plaintiff Franklin D. Raines files this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–707, the Declaratory Judgement Act, 28 U.S.C. §§ 2201, 2202, and the Due Process Clause of the Fifth Amendment of the United States Constitution, to enjoin Defendants Office of Federal Housing Enterprise Oversight ("OFHEO") and James B. Lockhart III, in his official capacity as Director of OFHEO, from taking actions outside the scope of their statutory authority, in violation of the APA and Mr. Raines's constitutional rights.